### IN THE UNITED STATES BANKRUPTCY COURT FOR
### THE DISTRICT OF PUERTO RICO

|  |  |
|---|---|
| **IN RE:** | **CASE NO.  09-02048** |
|  | **Chapter   7** |
| **PMC MARKETING CORP** |  |
|  | **Adversary No. 12-00071** |
| **Debtor(s)** |  |
| **NOREEN WISCOVITCH RENTAS, CHAPTER 7 TRUSTEE** |  |
| **Plaintiff** |  |
| **vs.** |  |
| **VILLA BLANCA VB PLAZA LLC** |  |
|  | **FILED & ENTERED ON 04/10/2015** |
| **Defendant(s)** |  |

### OPINION & ORDER

Before the court is Plaintiff's Motion to Alter or Amend Judgment and Defendant's Opposition [Dkt. No.'s 50 and 51].  For the reason's stated in Defendant's Opposition whose factual findings and legal conclusions the court hereby adopts in its entirety, the Plaintiff's Motion to Alter or Amend Judgment is DENIED. Under the first two prongs of § 547(c)(2) and § 547(c)(2)(A), Defendant simply needs to demonstrate by a preponderance of the evidence that the specific transaction was ordinary as *between the parties*. The Debtor's Tenant's Ledger reveals an inconsistent payment date and thus demonstrates that the lessor/lessee payment relationship between the Debtor and the Defendant seemed to be a rather flexible one. Therefore, Defendant has met the

burden for both § 547(c)(2) and § 547(c)(2)(A). Judgment already having been entered on 12/2/2015 [Dkt. No. 43], the Clerk shall close this adversary proceeding forthwith.

SO ORDERED

San Juan, Puerto Rico, this 10th day of April, 2015.

Brian K. Tester
U.S. Bankruptcy Judge